IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| TAHIR FAROOQ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 4:17-cv-0576-MHH-JEO |
| JEFF SESSIONS, United States Attorney General, et al., | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

On April 10, 2017, *pro se* petitioner Farooq Tahir filed this habeas corpus action under 28 U.S.C. § 2241. (Doc. 1).[1] Mr. Tahir challenges the legality of his continued detention by federal immigration authorities pending his removal from the United States under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq. See generally Zadvydas v. Davis*, 533 U.S. 678 (2001). The respondents ask the Court to dismiss this action as moot because Mr. Tahir has been removed from the United States. (Doc. 10).[2]

---

[1] In the caption and elsewhere in his petition, Mr. Tahir refers to himself as Tahir Farooq. (Doc. 1, pp. 1, 5, 8). In a letter that he attached to his petition, Mr. Tahir identifies himself as Farooq Tahir. (Doc. 1-1, pp. 2-3). In declarations that the respondents filed as part of this action, ICE detention officers refer to Mr. Tahir as Farooq Tahir. (Doc. 4-1, p. 1; Doc. 10-1, p. 1). A document that is part of the official ICE database states that Mr. Tahir's first name is Farooq, and his last name is Tahir. (Doc. 10-1, p. 2). Accordingly, the Court refers to the petitioner as Mr. Tahir.

[2] The respondents originally filed a motion to dismiss on November 2, 2017. (Doc. 8). On November 3, 2017, the Court entered an order asking the respondents to please submit an amended motion that includes the EADM document that Officer Bryan Pitman cited in his

On July 29, 2017, Mr. Tahir was removed from the United States to Pakistan pursuant to an order of deportation. (Doc. 10-1, pp. 1-2). As a result, Mr. Tahir's habeas corpus claim for release under an order of supervision or for repatriation is moot because the Court no longer can provide meaningful relief. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003); *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242-43 (11th Cir. 2002). Therefore, the Court will grant the respondents' amended motion and dismiss this action as moot. The Court will enter a separate final order.

DONE this 8th day of November, 2017.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE

---

declaration in support of the respondents' motion. (Doc. 9). On November 3, 2017, the respondents filed an amended motion to dismiss that includes the exhibit to Officer Pitman's declaration. (Doc. 10; Doc. 10-1). The Court denies as moot the respondents' original motion to dismiss. (Doc. 8).